## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RICKY ARMSTRONG, | ) | |
| | ) | 14 CV 9193 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TOM DART | ) | Judge: |
| | ) | Edmond E. Chang |
| Defendant. | ) | |

### <u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

NOW COMES the Defendant, TOM DART, by and through attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her Assistant, ANNA G. O'CONNOR, and submits Defendant's Answer to Plaintiff's Complaint stating as follows:

1.      On 6-17-2014, I filed aggrievance (sic) about me having a bad wisdom tooth problem that was going on for almost two months.

   **<u>ANSWER:</u>**  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, but demands strict proof thereof.

2.      I complainted (sic) two nurses they have me Tylenols for pains, when I finally seen a doctor the look at it in said they gona (sic) give me appointment at Stroger to get it pulled today is Nov-5-2014 havent (sic) receive (sic) no treatment to get tooth pull (sic) when I eat it hurts I drop numerouse (sic) requests even doctor, has told me yes I have been ignored.

   **<u>ANSWER:</u>**  Defendant denies the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.      My tooth grew in upside down like a ball in poken at my gums no treatment yet this is

destrumental (sic) also to my health Im (sic) a diabetic whith (sic) a weak immune system of

pain, and healing this cruel inunushal (sic) punishment (sic).

   **ANSWER:**   Defendant lacks sufficient knowledge or information to admit or deny the
   allegations contained within Paragraph 3 of Plaintiff's Complaint, but demands strict
   proof thereof.

4.      I also resubmitted aggrievance (sic) about never received treatment or appointment yet

this is cruel and unushal (sic) punishment (sic) in pain in suffering.

   **ANSWER:**   Defendant lacks sufficient knowledge or information to admit or deny the
   allegations contained within Paragraph 4 of Plaintiff's Complaint, but demands strict
   proof thereof.

5.      I tried getting pain relievers from the nurse with the med- cart but everyone I asked said

that I need a doctors order to receive medications for pain.

   **ANSWER:**   Defendant lacks sufficient knowledge or information to admit or deny the
   allegations contained within Paragraph 5 of Plaintiff's Complaint, but demands strict
   proof thereof.

## AFFIRMATIVE DEFENSES

   Defendant, Tom Dart, through attorney ANITA ALVAREZ, State's Attorney of Cook

County, by her Assistant State's Attorney, Anna G. O'Connor, set forth the following affirmative

defenses:

   1.      Defendant's conduct was at all times objectively reasonable and did not violate

any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to

the defense of qualified immunity.

   2.      The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison

Litigation Reform Act provides that "no action shall be brought with respect to prison conditions

under section 1983 . . . until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

3.      To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in their official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

4.      Defendant is immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows:  "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

5.      Defendant is immune under 745 ILCS 10/2-202 of the Illinois Tort Immunity Act, which confers on public employees immunity from liability for acts or omissions that occur during "the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202.

6.      Defendant also reserves the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant, Tom Dart, denies that Plaintiff is entitled to any damages, injunctive relief, costs, or witness fees.  Defendant prays that this

Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his

complaint and further request that this Honorable Court grant judgment of Defendant's fees,

costs, and such other relief that this Court deems just and appropriate.


Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    */s/ Anna G. O'Connor*
       Anna G. O'Connor, #6289596
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, IL 60602
       (312) 603-3473
       anna.g.o'connor@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Anna G. O'Connor, Assistant State's Attorney, depose and state that, in accordance

with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I served

this Notice, together with the documents herein referred, electronically via the ECF-CM system

on February 17, 2015.


*/s/ Anna G. O'Connor*
Anna G. O'Connor